IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mohamad Haisam Kodaimati,<br><br>Plaintiff,<br><br>v.<br><br>Eric James Adamczyk; Sheriff Carter Weaver, in his official capacity; Lieutenant Alan Jackson, in his individual capacity; Deputy W. Terence Blakely, in his individual capacity; Deputy Levi Bleau, in his individual capacity; Deputy Porter A. Magnuson, in his individual capacity; Sergeant Cortney Grant, in her individual capacity; Elite Towing, LLC, d/b/a Legacy Tow Group; Deputy John Doe, in his individual capacity,<br><br>Defendants. | Civil Action No. 2:26-cv-2556-BHH<br><br>**ORDER** |

This matter is before the Court upon Plaintiff Mohamad Haisam Kodaimati ("Plaintiff") *pro se* complaint against the above-named Defendants, and the action arises out of Plaintiff's ejectment from property he leased from Defendant Eric James Adamczyk. (ECF No. 1.) On June 26, 2026, Plaintiff filed a motion for temporary restraining order ("TRO") and motion for order to show cause. (ECF No. 5.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On June 30, 2026, after reviewing Plaintiff's complaint and his motion for TRO and order to show cause, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court deny Plaintiff's motion for TRO

because he has not shown he is likely to succeed on the merits of his claims. (ECF No. 9.)

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. Plaintiff filed objections to the Report on June 11, 2025, along with an amended complaint. (ECF Nos. 11, 12.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

As the Magistrate Judge explained in his Report, a plaintiff seeking a temporary restraining order or a preliminary injunction "must establish that [1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary

relief, [3] that the balance of the equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The party seeking a temporary restraining order or preliminary injunction under the *Winter* test "must make a 'clear showing' of [the] four requirements." *Alkebulanyahh v. Nettles*, 2011 WL 2728453, at *3 (D.S.C. July 13, 2011); *see also Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011) ("*Winter* thus requires that a party seeking a preliminary injunction . . . must clearly show that it is likely to succeed on the merits.") (internal quotation marks omitted).

In his Report, the Magistrate Judge found that Plaintiff failed to make a clear showing of the first *Winter* factor, i.e., that he is likely to succeed on the merits. (*See* ECF No. 9.) Specifically, the Magistrate Judge explained that Plaintiff already had an opportunity to present his arguments (that Defendants' actions violated his constitutional rights and that the state court documents permitting Defendants' actions were void) in state court, but his appeal was dismissed, and the Magistrate Judge also found that Plaintiff could not meet his burden by simply arguing that the state court process is invalid. (*Id.* at 5.)

In his objections to the Report, Plaintiff asserts that the Magistrate Judge erred "by fundamentally mischaracterizing the Nature of the Action, thereby ignoring the independent, extrinsic constitutional torts that form the actual basis of this federal lawsuit." (ECF No. 11 at 1.) To that end, Plaintiff asserts that the Magistrate Judge erred by classifying this action as an appeal of a state court judgment. (*Id.* at 2.) Instead, according to Plaintiff, he is not appealing the state court's decision to evict him but is asserting that "state actors committed independent, extrinsic acts of fraud, forgery, and spoliation that violated the

First, Fourth, and Fourteenth Amendments." (*Id.*)

Next, Plaintiff objects that the Magistrate Judge ignored the forgery of a judicial writ by law enforcement, and he argues that a "law enforcement officer physically forging a judicial warrant and executing a seizure based on that forgery is an independent, *per se* violation of the Fourth Amendment," and he claims that the Magistrate Judge ignored the administrative sabotage of his appeal, asserting that Defendants' actions denied him access to state appellate courts. (*Id.* at 3.) As a final objection, Plaintiff asserts that the Magistrate Judge failed to address the ongoing irreparable harm to him, and Plaintiff asserts that Defendant Elite Towing, LLC, is holding his estate hostage and every day of the continued deprivation violates his constitutional rights. (*Id.* at 4.)

Ultimately, Plaintiff asks the Court to review his motion for emergency relief *de novo* and to reject the Magistrate Judge's Report in its entirety. (*Id.* at 5.) Plaintiff also asks the Court to order the immediate return of his motor-homes and personal property, and he requests an emergency hearing. (*Id.*)

After *de novo* review, the Court finds Plaintiff's objections entirely unavailing, and the Court fully agrees with the Magistrate Judge's analysis. As an initial matter, the Court disagrees with Plaintiff that the Magistrate Judge fundamentally mischaracterized or ignored the nature of his claims. More importantly perhaps, the Court fully agrees with the Magistrate Judge that Plaintiff has not made a clear showing that he is likely to succeed on the merits (or any of the other *Winter* factors) to warrant the extraordinary relief of a temporary restraining order at this time.

**<u>CONCLUSION</u>**

After *de novo* review, the Court fully agrees with the Magistrate Judge's analysis,

and the Court finds Plaintiff's objections unavailing. **Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 9); the Court overrules Plaintiff's objections (ECF No. 11); and the Court denies Plaintiff's motion for TRO and order to show cause (ECF No. 5).**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 2, 2026
Charleston, South Carolina